IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10286
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTHONY HARRISON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-136-A
- - - - - - - - - -
October 22, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Harrison appeals the sentence imposed following entry of his guilty plea to a superseding indictment charging him with distribution of cocaine base.  Harrison contends that the district court erred in refusing to sentence him under U.S.S.G. § 5C1.2.  Because application of that section requires a finding that no weapon was possessed in connection with the offense and because the district court did not clearly err in determining that Harrison had possessed a firearm in connection with the

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense, we hold that the district court properly refused to sentence Harrison under the safety-valve provision of § 5C1.2. See United States v. Flucas, 99 F.3d 177, 178-79 (5th Cir. 1996), cert. denied, 117 S. Ct. 1097 (1997); see also Wright v. United States, 113 F.3d 133, 135 (8th Cir. 1997).

Harrison also argues that the district court erred in refusing to depart downward from the guideline imprisonment range because of Harrison's youth and family responsibilities. "The imposition of a lawful sentence coupled with the decision not to depart from the guidelines provides no ground for relief." United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995). This court lacks jurisdiction to review a defendant's challenge to his sentence based on mere dissatisfaction with the court's refusal to grant a downward departure, unless the court's refusal was the result of a violation of law or a misapplication of the Guidelines. Id. A refusal to depart is a violation of law if the court mistakenly assumed that it lacked the authority to depart. United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994). Because there is no indication that the district court misapprehended its authority to reduce Harrison's sentence, the district court's refusal to grant the motion for downward departure is not reviewable by this court. The sentence is

AFFIRMED.